TUCKER ELLIS LLP
Ndubisi A. Ezeolu - SBN 256834
ndubisi.ezeolu@tuckerellis.com
Edward W. Racek - SBN 235184
edward.racek@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendants SELECT EMPLOYMENT SERVICES, INC.; CALIFORNIA REHABILITATION INSTITUTE, LLC; SELECT MEDICAL CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSIE ROMERO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SELECT EMPLOYMENT SERVICES, INC., a Delaware corporation; CALIFORNIA REHABILITATION INSTITUTE, LLC, a Delaware limited liability company; SELECT MEDICAL CORPORATION, a Delaware corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1332, 1441, 1446 (CLASS ACTION FAIRNESS ACT)** <br><br><br> Complaint Filed: April 2, 2018 <br> First Amended Filed: July 2, 2019 <br> Trial Date: Not Set |

**TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendants California Rehabilitation Institute, LLC, Select Employment Services, Inc., and Select Medical Corporation (collectively "Defendants"), through undersigned counsel, hereby remove this case from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California.[1]  As

---

[1] By removing this action to this Court, Defendants do not waive any defenses, objections,

grounds for removal, Defendants state as follows:

1. Defendants remove this action under the Class Action Fairness Act ("CAFA"). CAFA's jurisdictional requirements are set forth at 28 U.S.C. § 1332(d). Cases that qualify under CAFA are properly removed pursuant to 28 U.S.C. § 1453, limited by certain exceptions listed in section 1453(d) that are not applicable here.

2. On or about April 2, 2018, Plaintiff Elsie Romero, filed a Complaint captioned *Elsie Romero, individually and on behalf of all others similarly situated, v. Select Employment Services, et al.*, Case No. BC700200 (the "State Court Action") in the Superior Court of California, County of Los Angeles. The Complaint names as defendants Select Employment Services, Inc., California Rehabilitation Institute, LLC, and Select Medical Corporation. The complaint is styled as a class action and makes class action allegations.

3. On or about June 2, 2019, a first amended complaint ("FAC") was filed on behalf of Elsie Romero and new plaintiff Ricardo Ibarra in this matter. The FAC is styled as a class action in which Elsie Romero and new plaintiff, Ibarra, seek to obtain recovery for themselves and all others similarly situated. The complaint and first amended complaint allege ten causes of action (1) Failure to Provide Meal Periods, (2) Failure to Authorize and Permit rest Periods, (3) Failure to Pay Minimum Wages, (4) Failure to Pay Overtime Wages, (5) Failure to Pay All Wages Due to Discharged and Quitting Employees, (6) Failure to Maintain Required Records, (7) Failure to Furnish Accurate Itemized Wage Statements, (8) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties, (9) Unfair and Unlawful Business Practices, and (10) Representative Action for Penalties under the Labor Code Private Attorney's General Act.

4. As required by section 1446(a), a true and correct copy of the Complaint in this action is attached as Exhibit A and a copy of the FAC is attached as Exhibit B to the Declaration of Edward Racek ("Racek Decl.").

---

or motions available under state or federal law.

5. Plaintiffs allege that Defendants were their employers and engaged in various Labor Code violations against them and similarly situated employees. (*See* Racek Decl. Ex. B, FAC ¶¶ 1, 11, 16-60.)

6. Plaintiffs seek compensatory damages, restitution, meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No 5-2100; liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1; preliminary and permanent injunctive relief, waiting time penalties pursuant to California Labor Code § 203; statutory and civil penalties, including but not limited to all penalties authorized by California Labor Code §§ 226(e) and 2699, interest on unpaid wages, reasonable attorney's fees and costs, declaratory relief, and for an order certifying the first through ninth causes of action as a class action. (*See id. at* Prayer ¶¶ 1–11.)[2]

## I. REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

7. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiff's is a citizen of a state different from any defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interest and costs. (*Id.*) CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth more fully below, this Action meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

8. This Action has been styled as a class action. (*See* Racek Decl. Ex. A, Complaint ¶ 14 and Ex. B, FAC ¶ 15.)

### A. Minimal Diversity of Citizenship Exists Among Plaintiffs and Defendants.

9. Minimal diversity exists under CAFA when any plaintiff, or prospective class-member, is diverse from any defendant. 28 U.S.C § 1332(d)(2)(A).

---

[2] Plaintiffs also assert at 10th cause of action for PAGA penalties, which is not included in the aggregation of claims for the purpose of this notice of removal.

3
DEFENDANTS' NOTICE OF REMOVAL

10. Plaintiffs Romero and Ibarra allege that they are residents of California. (*See* Racek Decl. Ex. B, FAC ¶¶ 4-5.)

11. Plaintiffs seek to represent a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." (Racek Decl. Ex. B, ¶ 6.)

12. The FAC erroneously alleges that Select Employment Services, Inc., and Select Medical Corporation are Pennsylvania corporations. (Racek Decl. Ex. B, ¶¶ 7, 8.) Both are in fact Delaware corporations, with the principal places of business in Pennsylvania. (See Racek Decl. ¶ 5, Exs. C and D, Delaware Secretary of State printouts.) The FAC further erroneously alleges that California Rehabilitation Institute, LLC is a California corporation. (Racek Decl. Ex. B, FAC ¶ 8.) California Rehabilitation Institute, LLC is a Delaware limited liability company, with its principal place of business in Pennsylvania, and it is authorized to do business in California. (See Racek Decl. ¶ 6, Ex. E (CA secretary of state business search printout.)

13. Because at least one plaintiff is a citizen of a different state than one defendant, minimal diversity exists for removal under CAFA. Indeed, all of the defendants are citizens of states other than California.

14. The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(b).

**B.    There Are at Least 100 Members in Plaintiffs' Putative Class.**

15. CAFA requires the existence of at least 100 members in Plaintiffs' putative class. 28 U.S.C. § 1332(d)(5)(B).

16. Plaintiffs seek to represent a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." (Racek Decl. Ex. B, FAC ¶ 6.) According to the FAC, Defendants had a "policy and practice" of failing to provide full and timely meal periods

and authorize and permit rest breaks, among other violations applicable to plaintiff and the alleged class members.

17. As of July 15, 2019, California Rehabilitation Institute, LLC has approximately 609 non-exempt employees. (Declaration of Sandra Pasillas ¶ 3.) Additionally, Cal Rehab has separated from 317 non-exempt employees since its inception in January of 2016. (*Id.* at ¶ 5.)

18. Thus, there are more than 100 prospective class members and CAFA's requirement has been met and removal is appropriate.

C. **The Amount in Controversy Exceeds $5,000,000.**

19. CAFA authorizes the removal of class actions, in which the amount in controversy for all potential class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Notwithstanding the FAC's lack of allegations of the total amount of monetary relief claimed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. (*Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'").)[3]

---

[3] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 135 S. Ct. at 554 ("Evidence establishing the amount is required . . . when . . . the court questions[] the defendant's allegation."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) (same). In other words, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g., Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Smith v. Mylan Inc.*, 761 F.3d 1042,

20. Defendants deny Plaintiffs' substantive allegations, deny that Plaintiffs are entitled to any of the relief sought in their FAC, and do not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true. *See e.g., Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). Additionally, statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Korn v. Polo Ralph Lauren,* 536 F.Supp.2d 1199 (E.D. Cal. 2008) ["Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."]. The Court should also include requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).

21. Plaintiffs' first cause of action in the FAC alleges that "[d]uring the CLASS PERIOD, DEFENDANTS had, and continue to have, *a policy and practice* of failing to provide PLAINTIFFS and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11." (Racek Decl. Ex. B, FAC ¶ 17 (emphasis added.) The FAC further alleges: "As a result of DEFENDANTS' *policies and practices* as alleged herein, PLAINTIFFS and CLASS MEMBERS *regularly* have been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11." (*Id.* at ¶ 18 (emphasis added).) The FAC states that "as a direct and proximate result of the meal period violations plaintiffs and class members have sustained *economic damages,* including but not limited to unpaid

---

1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action sua sponte based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

wages and lost interest, in an amount according to proof and are entitled to recover economic and *statutory damages and penalties* and other appropriate relief..." (Racek Decl. Ex. B, FAC ¶ 20.) The statutory penalty under Labor Code § 226.7, is one hour of pay at the employee's regular rate of pay for each missed meal period, which can also be considered a wage or premium pay. As of July 15, 2019, California Rehabilitation Institute, LLC had 609 non-exempt employees. (Pasillas Decl. ¶ 3.) It has had an average of no less than 300 non-exempt employees since May of 2017, and an average of no less than 500 non-exempt employees since September of 2018. (*Id.* at ¶ 4.) If we assume that California Rehabilitation Institute had an average at least 300 non-exempt employees at all times during the alleged class period (4 years prior to filing of complaint April 18, 2014 to present although California Rehabilitation Institute did not open until January of 2016 – therefore, January 2016 to present will be used for calculations), and assuming these employees worked on average four days in a week (adjusting for part time workers), and had one meal period per day of work over the approximately 182 weeks of the alleged class period, this would equal 728 days of penalty pay times 300 workers. If we assume that the average employee's pay was $20 per hour, while many employees made significantly more than this (and Romero made substantially more), this would equal $4,368,000 in alleged penalty pay owed. If we divide this amount to 1/3 to account for the allegation that it occurred "regularly," rather than every time, this would still amount to a claim of $1,456,000 in alleged premium pay alone for alleged missed meal periods.

22. Plaintiffs' second cause of action in the FAC alleges that Defendants, had and continue to have, a *policy and practice* of failing to authorize and permit PLAINTIFF and the CLASS MEMBERS to take rest breaks as required by California labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12." (Racek Decl. Ex. B, FAC § 22 (emphasis added).) The FAC goes on to allege that "[a]s a result of DEFENDANTS' *policies and practices* as alleged herein, PLAINTIFFS and CLASS MEMBERS *regularly* have been, and continue to be, denied the opportunity to take full, uninterrupted, and time rest periods are required..." (*Id.*) The FAC claims that one hour of additional compensation at each

employee's regular rate of pay for each workday that a rest period was not provided is owed. (*See* Racek Decl. Ex. B, FAC ¶ 23.) The statutory penalty under Labor Code § 226.7, is one hour of pay at the employee's regular rate of pay for a missed rest break, which can also be considered a wage or premium pay. Again, if we assume that California Rehabilitation Institute had an average of 300 non-exempt employees between January 2016 and present, and assuming these employees worked on average four days in a week (adjusting for part time workers), and had one missed rest break per day of work over the approximately 182 weeks from January 2016 to present, this would equal 728 days of penalty pay times 300 workers. If we assume that the average employee's pay was $20 per hour, while many employees made significantly more than this (and Romero made substantially more), this would equal $4,368,000 in alleged penalty pay owed. If we divide this amount to 1/3 to account for the allegation that it occurred "regularly," rather than every time, this would still amount to a claim of $1,456,000 in alleged premium pay alone for missed rest breaks. And under California law, an employer can be assessed one penalty per day for a missed meal period and another penalty for a missed rest period, therefore, the $1,456,000 is not duplicate of the missed meal period claims. *See* Labor Code 227.6; *United Parcel Service Wage & Hour Cases* (2011) 196 Cal.App.4th 57, 69.

23. Plaintiffs' third cause of action is for failure to pay minimum wage under California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001 § 4. Plaintiffs seek to recover the unpaid balance of wages, plus interest, penalties, attorneys' fees, expenses and costs of suit pursuant to Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1. (*See* Racek Decl. Ex. B, FAC ¶ 28.) If we assume without admitting that plaintiffs' minimum wage claims are based on the alleged failure to provide meal periods as alleged in the first cause of action, then the FAC is alleging that they are owed wages for approximately 30 minutes per day for each missed meal period. Again, if we assume that California Rehabilitation Institute had an average of 300 non-exempt employees between January 2016 and present, and assuming these employees worked on average four days in a week (adjusting for part time workers), and had one missed meal period per day of work

over approximately 182 weeks during the alleged class period of January 2016 to present, this would equal 728 days of alleged missed meal periods times 300 workers. If we assume that the average employee's pay was $10 per half-hour, while many employees made significantly more than this (and Romero made substantially more), this would equal $2,184,000 in alleged missing minimum wage pay. If we divide this amount to 1/3, this would still amount to a claim of $728,000 in alleged unpaid minimum wages.

24. Plaintiffs' fourth cause of action is for failure to pay overtime wages pursuant to Labor Code §§ 510, 1194, 1198, and IWC Wage Order No. 5-2001 § 3. Plaintiffs seek to recover wages for alleged off the clock work, working through meal breaks and inaccurately recording time worked. (Racek Decl. Ex. B, FAC ¶ 32.) Plaintiffs seek to collect the alleged unpaid overtime wages and attorney's fees. (*Id.* at ¶ 34.) If we assume the same 300 employees did not receive at least 30 minutes of overtime due to alleged missed meal periods, then they would be entitled to pay for those 30 minutes at 1 and ½ times their regular rate of pay. Assuming an average rate of $20 per hour, time and a half would be $30 per hour, making the alleged missed 30 minute meal periods, count as overtime at $15 per half hour. If we calculate approximately 182 weeks during the alleged class period of January 2016 to present at 4 days per week (adjusting for part time workers) there are 728 days of alleged missed meal periods times 300 workers. If we assume that the average employee's pay for overtime was $15 per half-hour, while many employees made significantly more than this (and Romero made substantially more), this would equal $3,276,000 in alleged missing overtime pay for alleged missed meal periods alone. If we divide this amount to 1/3, this would still amount to a claim of $1,092,000 in alleged overtime due to missed meal periods alone.

25. Plaintiffs' fifth cause of action is for failure to pay all wages due to discharged and quitting employees. In this cause of action, Plaintiffs' seek statutory penalties, including waiting time penalties. (*Id.* at ¶¶ 36-40.) Thus, for any employees who no longer work at Cal Rehab, if the alleged final paycheck was not correct due to any failure to provide rest breaks, meal periods, minimum wage or overtime, those employees, according

to the FAC, are entitled to statutory penalties under Labor Code § 203, in the amount of one full day of pay for up to a maximum of 30 days. California Rehabilitation Institute has separated from approximately 317 non-exempt employees since January of 2016. (Pasillas Decl. ¶ 5.) If we assume the average rate of pay is $20 per hour times 8 hours per day, then the maximum statutory penalties under Labor Code § 203 would be $1,521,600.

26. Plaintiffs' sixth cause of action is for failure furnish accurate itemized wage statements. Plaintiffs allege that during the class period, Defendants knowingly and intentionally failed to provide accurate and itemized wage statements subjecting Defendants to a statutory penalty under Labor Code § 226(e). (Racek Decl. Ex. B, FAC ¶¶ 42-44.) The maximum statutory penalty under Labor Code § 226(e) is $50 for the first offense and $100 for each subsequent offense not to exceed $4,000 plus attorneys' fees. (Cal. Lab. Code § 226(e).) So at a maximum penalty of $4,000 per employee times an average of 300 employees, the claimed penalty under 226(e) sought in the FAC would be $1,200,000.

27. Plaintiffs' seventh cause of action is for failure to maintain required records. The FAC alleges that Defendants knowingly and intentionally failed to maintain records as required under Labor Code §§ 226 and 1174 and IWC Wage Order No. 5-2001 § 7. (Racek Decl. Ex. B, FAC ¶¶ 46-47.) The maximum statutory penalty under Labor Code § 226(e) is $50 for the first offense and $100 for each subsequent offense not to exceed $4,000 plus attorneys' fees. (Cal. Lab. Code § 226(e).) So at a maximum penalty of $4,000 per employee times an average of 300 employees, the claimed penalty under 226(e) sought in the FAC would be $1,200,000.

28. Plaintiffs eighth cause of action is for failure to indemnify employees for expenses under Labor Code § 2802. The FAC alleges that employees were not reimbursed for expenses for cell phones or uniforms and other unidentified employment-related expenses. (Racek Decl. Ex. B, FAC ¶ 50.) If we assume that employees were entitled to be reimbursed for cell phones and uniforms during the period from August 2016 to present

at an assumed rate of $50 per month, for 42 months times 300 employees, the alleged reimbursement amount due would be $630,000.

29. Plaintiffs' ninth cause of action is for unfair and unlawful business practices under California Business and Professions Code § 17200. The FAC alleges that by virtue of all of the other claims in the preceding causes of action, Defendants have also violated the Business and Professions code and reaping an alleged illegal and unfair profit, which should be disgorged and restored to the plaintiffs and class members in the form of restitution. This cause of action alone aggregates all of the other claims which would equal approximately $9,283,600.

30. Plaintiffs also seek attorney's fees for various of their claims, which we can estimate will be a minimum $300,000.

31. Therefore, analyzing the Complaint in a light most favorable to Plaintiffs while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiffs will reasonably exceed $5,000,000, exclusive of interests and costs.

## II. DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

32. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. The FAC adds an entirely new plaintiff, in a department outside of nursing, and who was not a supervisor and alleged managing agent for California Rehabilitation Institute, LLC.

33. A defendant is not under a duty to investigate and remove an action to federal court within initial 30-day period if the complaint does not clearly disclose that the case is removable. *Soto v. Apple Towing,* 111 F.Supp.2d 222 (E.D.N.Y.2000). If a case stated by the initial pleading is not removable, notice of removal may be filed within 30 days after receipt by defendant of notice from which it may first be ascertained that the case is one which is or has become removable, and this exception to the general rule

that notice of removal must be filed within 30 days after receipt by defense of a copy of the initial plea assures the laudable purpose of preventing a defendant from having to speculate whether the case is removable, and it also functions as a deterrent to a plaintiff seeking to disguise true federal character of a claim. *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819 (E.D.Tex.1994).

34. Romero's original complaint did not include information regarding the amount in controversy and she and her counsel have refused to provide such information in discovery. (Racek Decl. ¶ 4, see also Ex. A.) Therefore, Defendants were not on notice of the removability of this claim at an earlier time, and are now removing within the appropriate time to respond to the new plaintiff Ibarra's addition in the FAC.

35. The Superior Court of California, County of Los Angeles is located within the Central District of California. *See* 28 U.S.C. § 84(c)(2). Removal to this Court under section 1441(a) is proper because the Central District of California is the "district and division embracing the place where such action is pending."

36. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received is attached as Exhibit H to the Racek Declaration.

37. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

38. Defendants reserve all defenses to Plaintiffs' claims.

ACCORDINGLY, Defendants remove this action and gives notice to Plaintiffs and to the Superior Court of California, County of Sacramento, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

DATED: July 23, 2019              Tucker Ellis LLP


                                  By:  /s/ Edward W. Racek
                                       ──────────────────────────
                                       Ndubisi A. Ezeolu
                                       ndubisi.ezeolu@tuckerellis.com
                                       Edward W. Racek
                                       edward.racek@tuckerellis.com
                                       Attorneys for Defendants SELECT
                                       EMPLOYMENT SERVICES, INC.;
                                       CALIFORNIA REHABILITATION
                                       INSTITUTE, LLC; SELECT
                                       MEDICAL CORPORATION